IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| EILEEN PATRICK and | : | |
| ROBERT PATRICK, | : | CASE NO. 5-04-bk-51796 |
|     Debtors | : | |
| | : | |
| EILEEN PATRICK, on behalf of herself | : | COMPLAINT |
| and all others similarly situated, KURT | : | CLASS ACTION |
| UNDERKOFLER, on behalf of himself | : | |
| and all others similarly situated and | : | |
| SUSAN A. HELSEL, on behalf of herself | : | **ADVERSARY NO. 5-05-ap-50085** |
| and all others similarly situated, | : | |
|     Plaintiffs | : | |
| | : | |
|     vs. | : | |
| | : | |
| DELL FINANCIAL SERVICES, L.P., | : | |
| DELL, INC., trading or doing business as, | : | |
| and/or, formerly known as, DELL | : | |
| COMPUTER CORPORATION, CIT | : | |
| GROUP, INC., NEWCOURT CREDIT | : | |
| GROUP, INC. now by merger, | : | |
| acquisition or purchase CIT GROUP, INC., | : | |
| and TYCO INTERNATIONAL, LTD/BER, | : | |
| also known as, TYCO INTERNATIONAL, | : | |
| LTD., also known as TYCO | : | |
| INTERNATIONAL (US), INC., | : | |
|     Defendants | : | |

## **OPINION**

      The Plaintiff/Debtors have brought this proposed class action to redress what is perceived to be a course of conduct by Dell Financial Services, L.P. (DFS)[1] in filing proofs of claims in bankruptcies as secured without attaching necessary copies of the documentation, as required by Official Form 10. The Plaintiff/Debtors further advance that DFS filed claims as secured having reason to believe that the claims were, in fact,

---

[1] While the caption refers to a number of Defendants, the parties have stipulated that all but DFS are dismissed without prejudice.

[m:\u\c\o\Patrick_vs_Dell_5-05-ap-50085.wpd]

unsecured. Plaintiff/Debtors suggest that DFS' conduct was done knowingly so as to secure a greater distribution from the debtor's estate. While the Plaintiff/Debtors advance this complaint as a class action, the issue of class certification is not now before me.

Plaintiff/Debtors have set forth their allegations in a 137 paragraph, 5 Count Complaint asking that the secured proofs of claim be disallowed, the alleged liens be voided, enjoining DFS from filing secured proofs of claim without attaching the necessary paperwork, disgorging funds received by DFS after the filing date of the Plaintiff/Debtors bankruptcies, voiding reaffirmation agreements between the parties, awarding damages, including punitives, and allowing attorney fees and costs, together with interest.

DFS has moved to dismiss under Federal Rule of Bankruptcy Procedure 7012(b).

The most significant issue raised by the Defendant is the argument that the Plaintiff/Debtors are litigating a private cause of action with regard to federal bankruptcy provisions where private actions have not been so authorized by Congress.

The Plaintiff/Debtors rely on 11 U.S.C. §§ 105, 502, 542, 1322, and the Court's inherent power to advance their litigation. Section 105(a) permits a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." There is no doubt that § 105(a) is a "powerful [and] versatile tool" designed to empower bankruptcy courts to fashion orders in furtherance of the Bankruptcy Code. *Joubert v. ABN AMRO Mortgage Group, Inc. (In re Joubert),* 411 F.3d 452, 455 (3d Cir. 2005). It cannot, however, create substantive rights. *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000). Nor can it " . . .authorize separate lawsuits as a remedy for

bankruptcy violations." *Joubert, supra* at 456.

To add the ability to maintain a private lawsuit to remedies otherwise available in the Bankruptcy Code, I would have to find that such was the intent of Congress. *Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). Such intent was made clear in 11 U.S.C. § 362(h). While there is little doubt that Congress, in 11 U.S.C. § 502, authorized bankruptcy courts to adjudicate the allowance and disallowance of claims, as well as litigation by a bankruptcy trustee in seeking a recovery of excess amounts paid to a claimant (see 11 U.S.C. § 502(j)), there exists no language that would suggest the Plaintiff/Debtors have the ability to maintain a private suit for damages in these areas.

In *Joubert*, the discharged debtor sued her mortgagee in District Court for damages because of a postpetition assessment of attorney fees, which the debtor alleged was in violation of 11 U.S.C. § 506(b). The Third Circuit affirmed the dismissal of that lawsuit because it found that neither § 506 nor § 105(a) afforded a private cause of action for violations of this nature. In arriving at such conclusion, the Circuit relied on decisions from the 6th, 7th, and 9th Circuits addressing whether the discharge provisions of the Code (§ 524) provided a private cause of action for violations.[2] Our Circuit concluded that the logic of the discussions in these decisions analyzing § 105(a) as a vehicle to support a cause of action for a § 524 violation applied in similar fashion to a complaint grounded in § 506(b).

---

[2] *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507-10 (9th Cir. 2002); *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir. 2001); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421-23 (6th Cir. 2000).

The rationale is equally applicable with regard to the Complaint before me concerning § 502. The Plaintiff/Debtors attempt to distinguish *Joubert* because the plaintiff in *Joubert* initiated the lawsuit after the bankruptcy case was closed. *Joubert* specifically addressed this by suggesting that when the issue is brought to the attention of the debtor plays no role in whether § 105(a) authorizes the lawsuit. *Joubert, supra* at 456.

That is not to say there is no remedy. As the Plaintiff/Debtors have pointed out, objections to claims can be filed at any time and reconsiderations of allowed claims are specifically provided for by statute. 11 U.S.C. § 502(j).

In addition, the filing of a fraudulent proof of claim is a specific violation of 18 U.S.C. §§ 152 and 3571. It has been held that filing a false claim does not give rise to a private cause of action. *Heavrin v. Boeing Capital Corp.*, 246 F. Supp. 2d 728 (W.D. Ky. 2003).

With this preliminary discussion in mind, I direct the parties attention to the various counts of the Complaint.

Count I of the Complaint is basically an objection to proofs of claim under § 502 and a request to reconsider allowed claims under § 502(j). These certainly appear to be within the province of this Court to adjudicate. Whether it should go forward as a class claim depends on certification, which is not now before me. As has been pointed out by the Defendants, the prayer of the Count resounds in advancing a private right of action. As discussed previously, that remedy is not available to the Plaintiff/Debtors. To the extent that the Plaintiff/Debtors are seeking a remedy that goes beyond sustaining an objection or reconsidering a claim, the Motion to Dismiss is granted.

Count II raises no more than a § 506 challenge to the alleged secured claims of the Defendants. My core jurisdiction is clear in these cases. Nevertheless, *Joubert* is equally clear that, in § 506 cases, no private cause of action is created. Again, the relief I can grant will be limited to an adjudication of the secured status of the claims.

Count III alleges that the Defendants are liable for an abuse of process "pursuant to § 105" by reason of the facts heretofore mentioned. Count III is dismissed since, as discussed, § 105 cannot be used to support a cause of action not provided for in other parts of the Code.

With regard to Count IV, § 502(j) obviously provides an opportunity for the bankruptcy trustee to "recover" excess payments received by a claimant. Section 542(a) appears to be the very vehicle contemplated in providing the trustee with such a tool to accomplish recovery. Notwithstanding that observation, the Plaintiff/Debtors apparently transmitted disposable income to the trustee to pay over to all chapter 13 claimants and it would be unlikely that any entity would have a claim to that fund but the trustee. The Plaintiff/Debtors' suggestion that they "may" exempt recoveries to the estate so that they can bootstrap standing to advance this cause of action is too speculative to merit further consideration. Count IV is dismissed.

Count V asks for declaratory judgment that the Defendants have violated the Code and the Bankruptcy Rules. That Count also asks for injunctive relief. To the extent that prior Counts have survived the Motion to Dismiss, I can see little reason to grant the dismissal request at this time.

## JURISDICTION

The Defendants argue that this Court does not have national jurisdiction to address Debtors' cases outside of this District. It is true that a number of cases have so stated. *Williams v. Sears, Roebuck and Co. (In re Williams)*, 244 B.R. 858 (S.D. Ga. 2000); *In re Knox*, 237 B.R. at 693-95; *In re Nelson*, 234 B.R. at 539; *Lenior v. GE Capital Corp. (In re Lenior)*, 231 B.R. 662 (Bankr. N.D.Ill. 1999); *Wiley v. Paul Mason & Assocs. (In re Wiley)*, 224 B.R. 58 (Bankr. N.D.Ill. 1998); and *In re Simmons*, 237 B.R. at 676. Nonetheless, it is not the bankruptcy court's status that is at issue, but, rather, the district court's scope of jurisdictional authority that must be examined. See Warren, Class Actions for Post-petition Wrongs: National Relief Against National Creditors, 22-MAR Am. Bankr. Inst. J. 14 (March, 2003). 28 U.S.C. § 1334(b) defines that jurisdiction as "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Its plain reading suggests that the district court has jurisdiction to adjudicate the described proceedings nationwide. In *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991), our Circuit was confronted with the question whether a New Jersey district court had bankruptcy jurisdiction over a litigation involving a plaintiff/debtor from a Florida bankruptcy court. In reading § 1334(b) expansively, the Court concluded that "*All* district courts are empowered by the statute to hear cases 'relted (sic) to" specific bankruptcies pending in other district courts." *Emphasis theirs*. *Id.* at 1211-1212. With this overview, cases construing the broad national jurisdiction of the district court in bankruptcy matters appear to be consistent with our Circuit's view of this issue. *Bank United v. Manley* 273 B.R. 229 (N.D. Ala. 2001); *Kerney v. Capital One Fin. Corp. (In re Sims)*, 278 B.R. 457 (Bankr. E.D.Tenn. 2002); *In re Noletto*, 244 B.R.

845 (Bankr. S.D.Ala. 2000); *Aiello v. Providian Fin. Corp. (In re Aiello)*, 231 B.R. 693 (Bankr. N.D.Ill. 1999). On the authority of *Maritime Electric*, I conclude that my jurisdiction, based on the reference from District Court, is, indeed, national.

My Order will follow.

Date: December 8, 2005

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*