IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER THIRTEEN |
| ROBERT S. PATRICK and EILEEN PATRICK, | BANKRUPTCY NO.: 5-04-bk-51796 |
| DEBTORS | |
| EILEEN PATRICK, on behalf of herself and all other similarly situated, KURT UNDERKOFLER, on behalf of himself and all other similarly situated and SUSAN A. HELSEL, on behalf of herself and all others similarly situated, | |
| PLAINTIFFS | |
| vs. | {**Nature of Proceeding**: Plaintiffs' Motion for (Partial) Reconsideration, Amend and/or Alter; Clarification and/or Expansion of this Honorable Court's Opinion and Order of 12/8/05 (Doc. No. 52) **AND** Defendant's Motion of Dell Financial Services, L.P. for an Order Reconsidering and Altering the Order Denying in Part Defendant's Motion to Dismiss (Doc. No. 54)} |
| DELL FINANCIAL SERVICES, L.P, DELL, INC., trading and doing business as, and/or formerly known as, DELL COMPUTER CORPORATION, CIT GROUP, INC. now by merger acquisition or purchase CIT GROUP, INC., and TYCO INTERNATIONAL, LTD/BER, also known as TYCO INTERNATIONAL, LTD., also known as TYCO INTERNATIONAL (US), INC., | |
| DEFENDANTS | **ADVERSARY NO.: 5-05-ap-50085** |

# OPINION[1]

Presently before this Court is the disposition of Plaintiffs' *Motion for (Partial)*

*Reconsideration, Amend and/or Alter*[2]*; Clarification and/or Expansion of this Honorable*

---

[1] Drafted with the assistance of Kathryn Evans, Law Clerk.

[2] Plaintiffs' Motion to Amend is denied, the merits of the argument are, however, discussed in Opinion denying Doc. No. 60, their subsequent and separate Motion to Amend to join the Chapter 13 Trustee.

*Court's Opinion and Order of 12/8/05* (Doc. No. 52)*,* and Defendant's *Motion of Dell Financial Services, L.P. for an Order Reconsidering and Altering the Order Denying in Part Defendants' Motion to Dismiss* (Doc. No. 54). Both parties are seeking partial reconsideration of this Court's Order entered on December 8, 2005 (Doc. No. 50) adjudicating *Defendants' Motion to Dismiss* (Doc. No. 10). The December 8, 2005 Order contained two findings: 1) Plaintiffs' first, second, third, fourth, and fifth causes of action were private rights of action not authorized by congress;[3] and 2) the Court has national jurisdiction to address Debtors' cases outside of this district. Plaintiffs seek reconsideration of the first holding, and Defendant seeks reconsideration of the second.

As this Court has previously established, motions to reconsider are only "appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *In re Contempri Homes Inc.*, 281 B.R. 557, 558 (Bankr. M.D.Pa. 2002). Furthermore, "a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." *Id.* at 559. Having reexamined both issues extensively, this Court finds it did not misapprehend the parties' positions in the first instance, nor are the arguments proffered in their respective Motions for partial reconsideration based on any new law or evidence previously unavailable to them. This

---

[3] More specifically, the Court made the following findings: Count I, to the extent the Plaintiffs are seeking a remedy going beyond merely sustaining an objection or reconsidering a claim pursuant to 11 U.S.C. § 502(j), this is a private right of action not authorized by congress; Count II, no private right of action exists for plaintiffs under § 506; Count III, no private right of action exists for abuse of process pursuant to 11 U.S.C. § 105; Count IV, there is no private right of action for Debtors pursuant to the combined power of recovery under § 502(j) and § 542(a); and Count V, Plaintiffs' request for declaratory judgment and injunctive relief are inapposite due to the prior counts being dismissed.

Court further finds that its December 8, 2005 Order was proper and consistent with Third Circuit authority. *See Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991); and *Joubert v. ABN AMRO Mortgage Group, Inc. (In re Joubert)*, 411 F.3d 452 (3d Cir. 2005). For the foregoing reasons, this Court will not reconsider its December 8, 2005 Order granting in part and denying in part *Defendants' Motion to Dismiss.*

An Order will follow.

Date: April 17, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*