IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| ROBERT S. PATRICK and | : | BANKRUPTCY NO.: 5-04-bk-51796 |
| EILEEN PATRICK, | : | |
| | : | |
| DEBTORS | : | |
| | : | |
| EILEEN PATRICK, on behalf of herself and | : | |
| all other similarly situated, KURT | : | |
| UNDERKOFLER, on behalf of himself and | : | |
| all other similarly situated and SUSAN A. | : | |
| HELSEL, on behalf of herself and all others | : | |
| similarly situated, | : | |
| | : | |
| PLAINTIFFS | : | |
| | : | |
| vs. | : | {**Nature of Proceeding**: Plaintiffs' Motion to Amend Their Complaint to Join the Chapter 13 Middle District Trustee, Charles J. DeHart, III, as a Plaintiff (Doc. #60)} |
| | : | |
| DELL FINANCIAL SERVICES, L.P, DELL, | : | |
| INC., trading and doing business as, and/or | : | |
| formerly known as, DELL COMPUTER | : | |
| CORPORATION, CIT GROUP, INC. now | : | |
| by merger acquisition or purchase CIT | : | |
| GROUP, INC., and TYCO | : | |
| INTERNATIONAL, LTD/BER, also known | : | |
| as TYCO INTERNATIONAL, LTD., also | : | |
| known as TYCO INTERNATIONAL (US), | : | |
| INC., | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-05-ap-50085** |

# **OPINION**[1]

Presently before this Court is the disposition of Plaintiffs' *Motion to Amend Their Complaint to Join the Chapter 13 Middle District Trustee, Charles J. DeHart, III, as a Plaintiff.* (Doc. No. 60.) Plaintiffs seek to amend their Complaint to join the Chapter 13 Trustee under

---

[1] Drafted with the assistance of Kathryn Evans, Law Clerk.

[m:\users\cathy\...\opinions\05-ap-50085_Patrick_v_Dell_Amend_Complaint.wpd]

Federal Rule of Civil Procedure 19 as an indispensable party. For the reasons provided herein, this Motion is denied.

When this action was commenced, Plaintiffs lacked standing to sue to the extent they were pursuing a private right of action to recover certain money damages. *See* Doc. No. 49 at 1-5, (this Court's Opinion partially granting Defendant's Motion to Dismiss on the grounds Plaintiffs were pursuing a private right of action to the extent they were seeking to recover certain monetary damages). With the instant Motion, Plaintiffs are seeking to add the Chapter 13 Trustee as a Rule 19 indispensable party in order to cure their deficiencies.[2] Unfortunately for the Plaintiffs, the Supreme Court has noted that "the existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Lujan v. Defenders of Wildlife*, 504 U.S. 555 n.4, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). This footnote in *Lujan* has been interpreted to stand for the proposition that jurisdiction cannot be created by adding parties to the litigation after the litigation has already begun. *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.,* 101 F.3d 1492, 1513 (3d Cir. 1996) (McKee, J., dissenting). Again, when the instant litigation was commenced, Plaintiff's lacked standing to pursue certain monetary damages. *See* Doc. No. 49.

In sum, since the Supreme Court has suggested it is impermissible for a plaintiff to join a party for the sole purpose of creating standing for existing parties, and because this Court finds

---

[2] An Eastern District of Tennessee Bankruptcy Court in *In re Sims* held that under 11 U.S.C. § 1302(b)(1) a chapter 13 trustee is to perform duties specified in § 704(5) which includes the duty to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(5). *In re Sims*, 278 B.R. 457, 482 (Bankr. E.D.Tenn. 2002). The court then went on to find that by coupling the trustee's duties under § 704(5) with the final sentence of § 502(j), Congress implicitly recognized a trustee's ability to recover overpayments made to creditors. *Id.* Thus, if the Chapter 13 Trustee were joined then the Plaintiffs would no longer be relying on the existence of a private right of action, but rather on the Chapter 13 Trustee's enumerated powers under § 704(5).

[m:\users\cathy\...\opinions\05-ap-50085_Patrick_v_Dell_Amend_Complaint.wpd]2

that Plaintiffs are seeking to join the Chapter 13 Trustee for the sole purpose of remedying their lack of standing, Plaintiffs' Motion to Amend is denied.

An Order will follow.

Date: April 17, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*